UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OTHMAN M. HAMED,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

No. 2:14-cv-1402-EFB

ORDER

Plaintiff, proceeding pro se, seeks review of a decision of the Commissioner of Social Security ("Commissioner") that plaintiff was overpaid disability benefits.[1] The Commissioner moves to dismiss the complaint for lack of subject matter jurisdiction, arguing that plaintiff failed to exhaust his administrative remedies.[2] ECF No. 15. For the following reasons, the motion is granted.

I.    Background

On July 24, 2012, plaintiff filed an application for a period of disability and disability insurance benefits ("DIB"). Declaration of Howard Kelly, ECF No. 22-1 ("Kelly Decl.") at 2,

---

[1] This action is before the undersigned pursuant to the parties' consent. ECF Nos. 7, 9; *see* 28 U.S.C. § 636(c).

[2] Although the Commissioner brought her motion under Federal Rule of Civil Procedure ("Rule") 12(b)(6), she argues that court lacks subject matter jurisdiction. *See* ECF No. 15. Accordingly, the court construes the motion as a motion to dismiss pursuant to Rule 12(b)(1).

1

1  Ex. 1. On January 4, 2013, the Commissioner sent plaintiff a notice of award, finding that
2  plaintiff was disabled beginning September 1, 2011. *Id*. at 2-3, Ex. 2.  The notice further
3  provided that under the applicable rules plaintiff had to be disabled for five full calendar months
4  in a row before he could receive benefits.  Therefore, as explained in the notice, the first month he
5  was entitled to receive benefits was February 2012. *Id*.

6  On June 3, 2014, the SSA sent plaintiff a notice of change of benefits.  That notice stated
7  that plaintiff was not entitled to any of the payments he received between February 2012 and May
8  2014, and as a result he was overpaid $25,106 in benefits.[3]  *Id*. at Ex. 3.  This notice informed
9  plaintiff that if he disagreed with the decision he could request reconsideration.  *Id*.  Plaintiff filed
10 a request for reconsideration on June 5, 2014.  *Id*. at Ex. 4a.  He also requested a waiver of the
11 overpayment.  *Id*. at Ex. 4b.  Plaintiff then initiated this action on June 11, 2014.  ECF No. 1.

12 The Social Security Administration ("SSA") subsequently sent plaintiff another notice of
13 change of benefits, notifying him that since the SSA was able to stop his June 2014 payment he
14 only owes $24,193 for overpayments.  ECF No. 22-1 at Ex. 5b.  This notice again informed
15 plaintiff that he had the right to seek reconsideration of the decision.  *Id*.  The SSA also sent
16 plaintiff a letter confirming that it had received his request to waive the overpayment, and that he
17 would be contacted later concerning his request.  *Id*. at Ex. 5a.  Plaintiff then filed another request
18 for reconsideration.  *Id*. at Ex. 6a.  The SSA responded by letter, notifying plaintiff that it had
19 received his "request for an explanation" and that it would contact plaintiff "later concerning this
20 request."  *Id*. at 3, Ex. 6b.

21 A "Report of Contact," dated June 19, 2014, indicates that the initial medical decision
22 finding that plaintiff was disabled needed to be reopened, apparently due to continuing disability
23 review which found that plaintiff had been engaged in substantial gainful work activity during the
24 five month waiting period.  That report stated that plaintiff's claim should be transferred to the
25 state Disability Determination Services ("DDS") that made the initial disability determination.

26

27  [3] The record indicates that a continuing disability review determined that plaintiff was not entitled to benefits due to engaging in substantial gainful activity during the five month period
28 after his disability onset date. *See* ECF No. 22-1 at Ex. 7.

ECF No. 22-1 at 35 (Ex. 7). On September 17, 2014, the state DDS made a revised initial decision, finding that plaintiff was disabled beginning March 25, 2012. *Id*. at 37 (Ex. 7). However, in his declaration, Howard Kelly[4] explains that to date plaintiff's claim has not been fully processed. *Id*. at 3.

II.     Discussion

Defendant argues that this action must be dismissed for lack of subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies prior to filing this action. ECF No. 15 at 2-3.

As a sovereign, the United States is immune from suit except according to its consent to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). It necessarily follows where Congress waives the immunity of the United States any terms and conditions that it places on the waiver are jurisdictional and must be strictly construed. *See Block v. North Dakota ex rel. Board of Univ. and School Lands*, 461 U.S. 273, 287 (1983); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

42 U.S.C. § 405(g) provides a limited waiver of sovereign immunity by permitting district courts to review a "final decision" of the Commissioner of Social Security.[5] A claimant may obtain a final decision from the Commissioner only by proceeding through all stages of the administrative appeals process. *Bowen v. City of New York*, 476 U.S. 467, 482 (1986). The stages of the appeals process consists of: 1) initial determination; 2) reconsideration; 3) hearing before an ALJ; and 4) Appeals Council review. Only upon the Appeals Council issuing a decision or declining review may a claimant seek review in a federal district court. 20 C.F.R. § 404.981.

---

[4] Howard Kelly is the Acting Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration.

[5] 42 U.S.C. § 405(g) provides in pertinent part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

The exhaustion requirement, however, may be waived where the claim is "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003). All three factors must be established to waive the exhaustion requirement. *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1115 (9th Cir. 2003).

The record before the court demonstrates that plaintiff failed to obtain complete administrative review prior to initiating this action. Although plaintiff did file a request for reconsideration of the initial decision on June 5, 2015, he filed this action less than a week later, thereby failing to give the SSA an adequate opportunity to process and review his request. Furthermore, the declaration of Howard Kelly establishes that the initial disability determination has been reopened, that a revised disability determination has been made, and that plaintiff's claim is still being processed. ECF No. 22-1 at 3, 35-37 (Ex. 7). Thus, the record conclusively shows that plaintiff failed to exhaust his administrate remedies prior to seeking relief in this court.

Plaintiff does not dispute that he failed to obtain complete administrative review. Instead, plaintiff attempts to characterizes his Social Security appeal, stating that "this case is a civil rights case in which the United States Government waived its immunity" and that this action is not "an administrative matter." ECF No. 23 at 2.[6] The complaint does allege that plaintiff's constitutional rights were violated by termination of his disability benefits. ECF No. 1 at 4. He further alleges that the termination of his benefits "amounts to discrimination" since the benefits were abruptly terminated, which has endangered his financial situation.[7] *Id*. at 5. But

---

[6] Plaintiff filed a supplemental opposition and a sur-reply to the motion to dismiss. ECF Nos. 18, 23. Although plaintiff was not authorized to file these pleading, the court has considered these documents in adjudicating defendant's motion to dismiss.

[7] In his opposition, plaintiff describes the instant action as "a Jewish spying case." ECF No. 17 at 4. Plaintiff, who identifies himself as Palestinian, claims that individuals of Jewish ancestry were behind the decision to terminate his benefits. He claims that he "has suffered in at [sic] least 200 cases of Jewish discrimination, targeting, and spying in the past 39 years." *Id*. at 4. In short, plaintiff's complaint is replete with anti-Semitic remarks and allegations that Jewish individuals conspired against him to terminate his disability benefits. *See generally* ECF No. 17. Aside from the fact that these allegations are not included in the complaint, such allegations are

1  notwithstanding his references to alleged constitutional violations and discrimination, it is clear
2  from his complaint that plaintiff seeks to challenge the decision to terminate his benefits.  Section
3  405(g) provides the exclusive jurisdictional basis for review of such administrative actions, and
4  administrative exhaustion is necessary.  42 U.S.C. § 405(g) (a civil action may be brought only
5  after the Commissioner has made a final decision on the claim); 42 U.S.C. § 405(h) ("[n]o finding
6  of fact or decision of the Commissioner of Social Security shall be reviewed by any person,
7  tribunal, or government agency except as herein provided.").
8      Plaintiff further argues that he was prevented from challenging the initial decision
9  terminating his benefits.  ECF No. 17 at 7-8.  This contention is belied by the timing of this
10  action, and the evidence before the court.  As indicated above, the decision to terminate plaintiff's
11  employment and recoup overpayment was issued on June 3, 2014.  ECF No. 22-1 at Ex. 3.
12  Plaintiff filed his first request for reconsideration on June 5, 2014.  *Id*. at Ex. 4a.  However,
13  instead of waiting to hear back from the SSA, plaintiff filed this action on June 11, 2014, less than
14  a week later.  ECF No. 1.  Thus, plaintiff did not even attempt to exhaust his administrative
15  remedies prior to initiating this action.  Furthermore, Mr. Kelly's declaration demonstrates that
16  state DDS reopened the prior initial decision, and issued a revised decision.  ECF No. 22-1 at 37.
17  Accordingly, plaintiff's contention that he was precluded from challenging the decision to
18  terminate his benefits lacks merit.
19      Accordingly, this court lacks subject matter jurisdiction over plaintiff's claim(s), and the
20  instant action must there be dismissed.
21  IV.   Conclusion
22      Based on the foregoing, it is hereby ORDERED that:
23      1. Defendant's motion to dismiss (ECF No. 15) is granted.
24      2. Plaintiff's complaint is dismissed without leave to amend; and
25  /////

---

frivolous because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional."  *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989). Accordingly, even if the allegations in plaintiff's opposition were alleged in the complaint, plaintiff would not be entitled to relief.

3. The Clerk is directed to close this case.

DATED: September 29, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE